### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT CARIERI, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, VINCENT CARIERI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND),  JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Essex, State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MIDLAND has a business location at 8875 Aero Drive, Suite 200, San Diego, California 92123.

8.      Upon information and belief, MIDLAND uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      MIDLAND is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from MIDLAND concerning a debt owned by MIDLAND FUNDING, LLC which originated with CHASE BANK USA, N.A. and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein. The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.   Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e *et seq.* and 1692e(10).

b.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to May 25, 2016, Plaintiff allegedly incurred a financial obligation to CHASE BANK USA, N.A. ("CHASE BANK").

16.    The CHASE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The CHASE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    CHASE BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.    Sometime prior to May 25, 2016, CHASE BANK, either directly or through intermediate transactions assigned, placed, or transferred the CHASE BANK obligation to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

20.    At the time CHASE BANK assigned, placed, or transferred the CHASE BANK obligation to MIDLAND FUNDING, the obligation was past due.

21.    At the time CHASE BANK assigned, placed, or transferred the CHASE BANK obligation to MIDLAND FUNDING, the obligation was in default.

22.    On or about May 25, 2016, MIDLAND FUNDING, either directly or through intermediate transactions assigned, placed, or transferred the CHASE BANK obligation to MIDLAND for the purpose of collection.

23.    MIDLAND, caused to be delivered to Plaintiff a letter dated May 25, 2016 concerning the alleged CHASE BANK obligation, which sought a balance of $4,491.47.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24.    The May 25, 2016 letter was sent to Plaintiff in connection with the collection of the CHASE BANK obligation.

25.    The May 25, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.    Upon receipt, Plaintiff read the May 25, 2016 letter.

27.    The May 25, 2016 letter offered Plaintiff several repayment options on the CHASE BANK obligation:

**AVAILABLE PAYMENT OPTIONS**

**Option 1: 40% OFF**

**Option 2: 20% OFF** Over 12 months

**Option 3: Monthly Payments As Low As: $50 per month**
Call today to discuss your options and get more details.

28.    The May 25, 2016 letter also stated in part the following:

> Benefits of Paying Your Debt
> -    Save $1,796.58 if you pay by 06-24-2016 -
> -    Put this debt behind you –
> -    No more communication on this account -
> -    Peace of mind -
> After receiving your final payment, we will consider the account paid*.

## POLICIES AND PRACTICES COMPLAINED OF

29.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b)    Using unfair or unconscionable means to collect or attempt to collect any debt.

30.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

31.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

32.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33.     Defendant's settlement offer would cause the least sophisticated consumer to believe that if the requested payment was made that the consumer would receive a $1,796.58 savings.  Defendant knew that the $1,796.58 savings may cause a tax consequence thereby reducing the actual savings amount that Defendant specifically represented.

34.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights and the consequences of accepting Defendant's offer to settle.

35.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be wrongly believe that by accepting Defendant's offer to settle, the consumer would satisfy this debt with the current creditor and achieve a receive a total savings of $1,796.58.

36.     Defendant attempted to entice Plaintiff and others similarly into accepting the settlement offer by explicitly representing a specific savings amount when the Defendant knew that the savings offer was a false, deceptive or misleading representation.

37.     Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e *et seq* and 1692e(10).

38.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

39.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

40.     Defendant's conduct, as described herein, violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

41.    Defendants violated 15 U.S.C. § 1692e by attempting to entice Plaintiff and others similarly into accepting the settlement offer by explicitly representing a specific savings amount when the Defendant knew that the savings offer was a false, deceptive or misleading representation.

42.    Defendants violated 15 U.S.C. § 1692e by falsely representing a specific savings amount to Plaintiff when the Defendant knew that there may be a tax consequence thereby reducing the actual savings amount.

43.    Defendants violated 15 U.S.C. § 1692e by falsely or deceptively representing that if Plaintiff accepted Defendant's offer to settle, the consumer would satisfy this debt with the current creditor and achieve a receive a total savings of $1,796.58.

44.    Defendants violated 15 U.S.C. § 1692e by failing to advise Plaintiff and others similarly situated that the savings amount could have an impact on his or her taxes or on income-sensitive benefits.

45.    Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

46.    Defendants violated 15 U.S.C. § 1692e(10) by making a false representation or deceptive means to collect or attempt to collect the debt as described herein.

47.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

48.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

49.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

50.    Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

51.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

52.    Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 31, 2016

                    *s/ Joseph K. Jones*
                    Joseph K. Jones, Esq.
                    JONES, WOLF & KAPASI, LLC
                    375 Passaic Avenue, Suite 100
                    Fairfield, New Jersey 07004
                    (973) 227-5900 telephone
                    (973) 244-0019 facsimile
                    jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 31, 2016

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

# Exhibit

# A

# mcm
**Midland Credit Management, Inc.**

2365 Northside Drive, Suite 300, San Diego, CA 92108

**Call: (800) 282-2644**

**Offer Expiration Date: 06-24-2016**

Midland Credit Management, Inc. (MCM), is the debt collection company, which will be collecting on, and servicing your account.

05-25-2016

001
P4T105

Vincent Carieri

ıllıllıμılıμılμırlıμμμμılllμlılllμμılμlılμ

| | |
|---|---|
| Original Creditor | Chase Bank USA, N.A. |
| Original Account Number | |
| MCM Account Number | |
| Current Balance | $4,491.47 |
| Current Owner | MIDLAND FUNDING LLC |
| Discount | 40% OFF |

RE: Chase Bank USA, N.A.

Dear Vincent Carieri,

## CALL US TODAY! (800) 282-2644

### AVAILABLE PAYMENT OPTIONS

**Option 1** — **40% OFF**

**Option 2** — **20% OFF** Over 12 Months

**Option 3** — **Monthly Payments As Low As: $50 per month** Call today to discuss your options and get more details.

#### Benefits of Paying Your Debt

– Save $1,796.58 if you pay by 06-24-2016 –

– Put this debt behind you –

– No more communication on this account –

– Peace of mind –

**After receiving your final payment, we will consider the account paid\*.**

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

**Hours of Operation:**
M – Th: 5:00am – 9:00pm PST
Fri:     5:00am – 4:30pm PST
Sat:    5:00am – 4:30pm PST
Sun:   5:00am – 9:00pm PST

**Call:** (800) 282-2644

**Pay Online at:** www.midlandcreditonline.com

**Mail:** Payment Certificate

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

\*If you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**

We are not obligated to renew this offer.
**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION.**

**PAYMENT CERTIFICATE**

☐ **I would like to take advantage of this offer** and save 40%

**MCM Account Number......**

**Original Account Number ..**

**Due Date..........................06-24-2016**

**Amount Enclosed: $**

Please make check payable to:
MIDLAND CREDIT MANAGEMENT INC.

Please return this portion along with your payment to:
PO BOX 60578
LOS ANGELES, CA 90060-0578