NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT CARIERI, | CIVIL ACTION NO. 17-0009 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

**LINARES, Chief District Judge**

The plaintiff, Vincent Carieri, brought this action to recover damages for an alleged violation of the Fair Debt Collection Practices Act (hereinafter, "the FDCPA") by the defendant, Midland Credit Management, Inc. (hereinafter, "MCMI"). (See ECF No. 1.) MCMI now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(c). (See ECF No. 10 through ECF No. 10-10; ECF No. 15 through ECF No. 15-4.) Carieri opposes the motion. (See ECF No. 14.)

The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes the familiarity of the parties with the factual context and the procedural history of the action. For the following reasons, the motion is granted.

## BACKGROUND

Carieri incurred a debt of $4,491.47 that MCMI acquired by assignment. (See ECF No. 1 at 5–6.) MCMI sent a notice (hereinafter, "the Notice") to Carieri that contained the following offer to extinguish his debt:

### AVAILABLE PAYMENT OPTIONS

**Option 1:** **40% OFF**
**Option 2:** **20% OFF** Over 12 months
**Option 3:** **Monthly Payments As Low As: $50 per month**
Call today to discuss your options and get more details.

### Benefits of Paying Your Debt

- Save $1,796.58 if you pay by 06-24-2016 -
- Put this debt behind you -
- No more communication on this account -
- Peace of mind -
After receiving your final payment, we will consider the account paid.

(ECF No. 1 at 13.)

Furthermore, the Notice included a payment certificate at the bottom, which: (1) set forth instructions on how to pay the debt; and (2) contained the following language directed at Carieri: "I would like to take advantage of this offer and save 40%." (Id.)

Carieri alleges in the complaint that the Notice ran afoul of the FDCPA because MCMI failed to advise Carieri "that the $1,796.58 savings may cause a tax consequence thereby reducing the actual savings amount that [MCMI] specifically represented." (ECF

2

No. 1 at 8.) In other words, Carieri alleges that MCMI violated the FDCPA by failing to advise him that the amount that he saved could have an impact on his taxes, because that amount could be treated as taxable income. (See ECF No. 1 at 9.)

## LEGAL STANDARD

Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. See Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290–91 (3d Cir. 1988)). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. See Rosenau, 539 F.3d at 221. Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). See Szczurek v. Prof'l Mgmt. Inc., 627 Fed.Appx. 57, 60 (3d Cir. 2015) (citing Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010)).

## DISCUSSION

MCMI argues in support of its motion for judgment on the pleadings that the FDCPA does not impose a duty upon a debt collector to notify a debtor of the potential tax consequences for settling a debt at a discount. (See ECF No. 10-1.) In opposition, Carieri argues that MCMI's failure to include such guidance in the Notice is misleading,

3

and is thus violative of the FDCPA. (See ECF No. 14.) The Court is not persuaded by Carieri's arguments.

The Court is unaware of any opinions issued by either the Third Circuit Court of Appeals or the district courts within the District of New Jersey that have addressed this issue. (See ECF No. 10-1 at 9 (MCMI arguing, "No court in New Jersey has ruled on whether a settlement offer that does not disclose theoretical tax consequences violates the FDCPA. In fact, no court in this Circuit has addressed this issue."); ECF No. 15 at 6 (MCMI stating that "Courts in the Third Circuit have not [been] confronted with this issue").)

However, the Court is persuaded by the opinions issued by other federal courts that have specifically held that the FDCPA does not impose a duty on a debt collector to advise a debtor of the tax consequences of accepting a debt settlement. See Altman v. J.C. Christensen & Assocs., Inc., 786 F.3d 191, 194 (2d Cir. 2015) (holding that a debt collection letter did not violate the FDCPA, even though the letter did not warn of potential tax consequences when it set forth the percentage that would be saved against an outstanding balance if the debtor paid a certain discounted amount); Smith v. Nat'l Enter. Sys., Inc., No. 15-451, 2017 WL 1194494, at *3 (W.D. Okla. Mar. 30, 2017) (holding the fact that a debtor might owe income tax on a forgiven debt "simply does not make [the debt collector's] representations of savings from the outstanding balance false, deceptive, or misleading" under the FDCPA); Rigerman v. Forster & Garbus LLP, No. 14-1805, 2015 WL 1223760, at *4–6 (E.D.N.Y. Mar. 16, 2015) (holding that the FDCPA

does not require a debt collector to instruct a debtor as to the potential tax consequences of accepting a settlement offer); Landes v. Cavalry Portfolio Servs., LLC, 774 F.Supp.2d 800, 804–05 (E.D. Va. 2011) (holding that the FDCPA contains no language that mandates an affirmative disclosure to a debtor of the tax consequences of settling a debt with a debt collector); Schaefer v. ARM Receivable Mgmt., Inc., No. 09-11666, 2011 WL 2847768, at *5 (D. Mass. July 19, 2011) (holding that the "language of the FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt").

Carieri primarily relies upon Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp.2d 215, 219–20 (N.D.N.Y. Mar. 26, 2010), which held that the failure of a debt collector to warn a debtor about the tax consequences of a forgiven debt could constitute a claim under the FDCPA. (See ECF No. 14 at 11–12.) However, the Second Circuit Court of Appeals, which oversees the Northern District of New York, subsequently determined the holding in Ellis to be "unpersuasive." See Altman, 786 F.3d at 194. This Court also finds the holding in Ellis to be unpersuasive, and declines to follow it.

Carieri also raises a second violation of the FDCPA for the first time in his opposition brief, *i.e.*, that the Notice does not make it clear that he was limited to selecting only "Option 1" in order to receive a discount of $1,796.58 on his debt. (See ECF No. 14 at 6.) However, Carieri did not assert that allegation in the complaint, and he is barred from attempting to amend his claim by including new arguments in a brief in opposition to a dispositive motion. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,

836 F.2d 173, 181 (3d Cir. 1988) (noting that it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); see also Scott v. Cohen, 528 Fed.Appx. 150, 152 (3d Cir. 2013) (holding that it is a basic principle that a complaint may not be amended by the briefs in opposition to a motion to dismiss); Warfield v. SEPTA, 460 Fed.Appx. 127, 132 (3d Cir. 2012) (holding that a "plaintiff may not amend a complaint by raising arguments for the first time in a brief in opposition to a motion for summary judgment"); Bell v. City of Philadelphia, 275 Fed.Appx. 157, 160 (3d Cir. 2008) (holding that a plaintiff may not amend the complaint by raising new arguments in the brief in opposition to a motion for summary judgment). In any event, the least sophisticated consumer, after reading the Notice in its entirety, would be expected to understand that the $1,796.58 savings applies to Option 1 alone. See Dixon v. Stern & Eisenburg, PC, 652 Fed.Appx. 128, 131 (3d Cir. 2016) (holding that a debt collector cannot be found liable under the FDCPA for "bizarre or idiosyncratic interpretations of collection notices"); Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008) (holding that it is assumed that the least sophisticated consumer will exhibit the "rational" characteristic of reading a collection notice in its entirety).

Therefore, the Court grants MCMI's motion for judgment on the pleadings.

## CONCLUSION

For the aforementioned reasons, the Court grants MCMI's motion for judgment on the pleadings. The Court will enter an appropriate order and judgment.[1]

*[signature]*

JOSE L. LINARES
Chief Judge, United States District Court

Dated: June 26, 2017

---

[1] In granting "a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), the [Court's] order should enter judgment in favor of [MCMI] instead of dismissing [Carieri's] claims." Dukes v. Lancer Ins. Co., 390 Fed.Appx. 159, 163 (3d Cir. 2010) (footnote omitted).